UNITED STATES

v.

Airman First Class Clifford M. BRAGG,
FR 236–13–7442, United States
Air Force.

ACM 28357.

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 Jan. 1990.

Decided 29 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Bernard E. Doyle, Jr. and Lieutenant Colonel Thomas O. Maser, USAFR.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni.

Before O'BRIEN, PRATT and RIVES, Appellate Military Judges.

DECISION

RIVES, Judge:

The appellant was confined for over two months by civilian authorities, then continued in pretrial restraint by the military until his court-martial convened. He argues that he was denied a speedy trial because he served a total of more than 120 days of restraint. R.C.M. 707. We disagree and affirm.

In September 1989, the appellant was apprehended by a West Virginia state trooper because of a civilian felony warrant and also because he was listed as a deserter from the Air Force. He remained in civilian confinement for a total of 66 days. After being released to military control, he was placed in pretrial confinement for a few days and then restricted to the limits of Langley Air Force Base, Virginia. From the time he was arrested by civil authorities until his trial convened 126 days later, the appellant remained continuously under some form of restraint.

The record clearly shows that the appellant was originally apprehended and confined for both his civilian and military offenses. Although R.C.M. 707(a)(2) requires trial within 120 days from the imposition of restraint, the period of time "resulting from the absence or unavailability of the accused" is excluded from the computation of time in determining the issue of speedy trial. R.C.M. 707(c)(6).

The Court of Military Appeals has long recognized that the military is not accountable for the time an accused serves in civilian confinement as a result of civil offenses. *United States v. Grom,* 21 M.J. 53, 56 (C.M.A.1985); *United States v. Reed,* 2 M.J. 64, 67 (C.M.A.1976); *United States v. Williams,* 12 U.S.C.M.A. 81, 30 C.M.R. 81 (1961). The appellant urges that his case is distinguishable because defense evidence indicates that he was denied bail and remained in civilian confinement solely because of the military charge pending

against him. He argues that but for the interests of the Air Force, he would have served only a few days—rather than more than two months—in civilian confinement, and that the military should be accountable for that period of time in assessing the speedy trial issue.

We agree with the trial judge's findings that the "civilian authorities arraigned and incarcerated the appellant on the civilian charge;" that they "refused to release him until they had reached some resolution of the civilian charge;" and that Air Force authorities made consistent efforts to obtain custody of the appellant "at the earliest possible time." Even if the appellant would have been released from civilian confinement earlier had the military charge not been pending, the critical factors on the speedy trial issue are that: (1) the civilians were not acting at the behest of the Air Force when they denied bail or otherwise set the terms and conditions of their confinement; (2) the appellant was not available for prosecution by the military while he remained in civilian confinement; and (3) the military authorities proceeded in a diligent and timely manner once they were able to process the court-martial case against the appellant. *See United States v. Asbury*, 28 M.J. 595 (N.M.C.M.R.1989); *pet. denied*, 28 M.J. 356 (C.M.A.1989).

We thus determine that the period of time the appellant was confined by civil authorities is excluded from government accountability. Starting the speedy trial clock on the date he was made available to the military, the appellant was brought to trial well within the allowable time. The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge O'BRIEN and Judge PRATT concur.